SCOTT LAKE (SBN 15765)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 6205
Reno, NV 89513
Phone: (802) 299-7495
slake@biologicaldiversity.org

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>BUREAU OF LAND MANAGEMENT,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATIORY AND INJUNCTIVE RELIEF** |

### INTRODUCTION

1. This action challenges ongoing violations of the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA") by the U.S. Bureau of Land Management ("BLM"). The Center for Biological Diversity ("Center")—an environmental conservation organization that works to prevent the extinction of wild species and protect their habitats—properly and lawfully requested records from BLM pursuant to FOIA regarding shrubland- and forest-removal projects on public lands in the Great Basin. BLM did not respond to the Center's FOIA request, did not render a "determination" as to whether it would release the requested records, failed to conduct an adequate search for the requested records, and failed to provide the requested records to the Center.

2. BLM is violating FOIA by failing to search for all responsive records and release them to the Center.

1

3. Because prompt access to these records is necessary to effectuate FOIA's purpose of government transparency and because the Center needs the records at issue in order effectively to pursue its conservation mission, the Center seeks declaratory relief establishing that the BLM has violated FOIA, and injunctive relief directing BLM to provide all responsive records without any further delay.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, *id* §§ 2201-2202.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. Declaratory relief is appropriate under 28 U.S.C. § 2201.

7. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

8. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States. The Center has more than 84,000 members. The Center and its members have been and continue to be harmed by the BLM's violations of FOIA, because such violations preclude the Center from gaining a full understanding of the factual, scientific and policy bases for the government's decision to approve the large-scale vegetation removal projects, and the impacts that decision will have on public resources. The affected lands contain many resources of great public concern and of particular concern to the Center's members, such as the imperiled greater sage-grouse, a species that the Center has expended significant time and resources to protect. Responsive records will also help

inform the Center as well as other members of the public about the Biden Administration's response to climate change and climate-related natural disasters such as wildfire. The BLM's failure to comply with FOIA impairs the Center's ability to further protection of the greater sage-grouse as well as to provide full, accurate and current information to its members and other members of the public on matters of substantial public interest. Absent this information, the Center is hampered in its ability to advance its mission to protect native species and their habitats.

9. Defendant U.S. BUREAU OF LAND MANAGEMENT is a federal agency within the United States Department of the Interior. BLM is responsible for managing public lands for a variety of uses such as energy development, livestock grazing, recreation, and timber harvesting while ensuring natural, cultural, and historic resources are maintained for present and future uses. BLM is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA, 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

10. FOIA's basic purpose is government transparency. It establishes the public's right to access federal agency records, with certain narrow exceptions. 5 U.S.C. § 552(b)(1)-(9).

11. FOIA requires each agency to make available for public inspection in an electronic format its statements of policy and interpretations that the agency adopts and that are not published in the Federal Register. 5 U.S.C. § 552(a)(2).

12. FOIA also requires federal agencies to release records to the public upon request unless one or more specific statutory exemptions applies. 5 U.S.C. § 552(b)(1)-(9).

13. A requester may ask for expedited processing if the requester demonstrates a "compelling need" or in "other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i).

14. Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and notify the requester of: its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i).

15. Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances justifying the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative timeframe for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

16. FOIA requires each agency to undertake a search for requested records in a manner reasonably calculated to locate all records responsive to the request. *Id.* § 552(a)(3)(C)-(D). Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be reasonable.

17. FOIA requires federal agencies to promptly disclose requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

18. In certain limited instances, an agency may withhold records under one or more of nine specific exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

19. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

20. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.*

## FACTUAL BACKGROUND

### Background to the Center's FOIA Request

21. On March 3, 2020, the BLM approved the Programmatic Environmental Impact Statement for Fuel Breaks in the Great Basin. On January 14, 2021, the BLM approved the Programmatic Environmental Impact Statement for Fuels Reduction and Rangeland Restoration in the Great Basin.

22. Together, the two programmatic environmental impact statements ("PEISs") affect a 223-million-acre project area that stretches across six western states. The PEISs authorize local BLM field offices to conduct highly impactful shrub- and forest-removal projects on federal public lands anywhere within the 223-million-acre project area, with minimal public notice and no formal opportunities for public comment.

23. The project area affected by the PEISs is home to at least twenty-five threatened or endangered terrestrial species, and likely an even greater number of threatened or endangered aquatic species. The project area also provides habitat for numerous species of conservation concern that are not yet listed as threatened and endangered, including the greater sage-grouse.

Greater sage-grouse populations have recently declined at an alarming rate, due in part to the destruction of their native sagebrush habitats by vegetation management projects like those authorized in the two PEISs.

24. In addition to providing habitat for countless wildlife and plant species—some of which are only found in this area—the public lands of the Great Basin also provide outstanding scenic and recreational values which contribute significantly to local economies. The activities authorized through the PEISs will impact those scenic and recreational values through the large-scale mechanical removal of pinyon-juniper woodlands and sagebrush shrublands.

25. The BLM's actions within the project area are a matter of significant public concern because of the potential impacts they will have on public resources such as wildlife, vegetation, soil, water, and scenery. The public has a substantial interest in knowing where BLM vegetation projects are conducted, the methods employed by those projects, and the effect of those projects on public resources.

26. The PEISs allow local BLM field offices to authorize vegetation removal projects anywhere on public lands within the 223-million-acre project area using any of the several methods discussed in the PEISs under a regulatory procedure called a "determination of NEPA adequacy" ("DNA"). Under the DNA process there is no public involvement, which means affected communities and individuals—including the Center's members in the project area—will not be informed when, where, and how such projects are being conducted. Great Basin taxpayers should be informed about tax-funded activities happening on public lands.

27. It is vital organizational interest for the Center to be able to timely and accurately inform its members and the public about present or future environmental harms to wildlife, plant species, and/or public lands taking place in their communities.

**The Center's Bureau of Land Management FOIA Request DOI-BLM-2021-002788**

28. On March 3, 2021, the Center electronically submitted a FOIA request to BLM, requesting records from the agency from December 22, 2017, to the date BLM conducts the search for the following:

(1) The records that BLM relied upon to approve the "Final Programmatic Environmental Impact Statement for Fuel Breaks in the Great Basin;"

(2) All environmental impact statements ("EISs"), environmental assessments ("EAs"), determinations of NEPA adequacy ("DNAs"), and analyses supporting the application of a categorical exclusion from the National Environmental Policy Act ("NEPA"), and consultation documents pursuant to Section 7 of the Endangered Species Act ("ESA") prepared for projects that "tier" to or otherwise rely on the Final Programmatic EIS for Fuel Breaks in the Great Basin, including the appendices and/or supporting documentation for said EISs, EAs, DNAs, and categorical exclusion applications;

(3) The records that BLM relied upon to approve the "Final Programmatic for Fuels Reduction and Rangeland Restoration in the Great Basin;" and

(4) All environmental impact statements ("EISs"), environmental assessments ("EAs"), determinations of NEPA adequacy ("DNAs"), and analyses supporting the application of a categorical exclusion from the National Environmental Policy Act ("NEPA"), and consultation documents pursuant to Section 7 of the Endangered Species Act ("ESA") prepared for projects that "tier" to or otherwise rely on the Programmatic EIS for Fuels Reduction and Rangeland Restoration in the Great Basin, including the appendices and/or supporting documentation for said EISs, EAs, DNAs, and categorical exclusion applications.

29. That same day, BLM sent the Center via FOIA Online an automated receipt assigning the request tracking number DOI-BLM-2021-002788.

30. On June 16, 2021, BLM electronically acknowledged the Center's FOIA request and assigned it to the "Complex" processing track. BLM's email stated, "The Complex track is for requests that can be processed in twenty-one to sixty workdays." That same day, the Center sent the BLM an email noting the timeframe for the Complex processing track has passed. The Center stated, "61 business days from March 3, 2021, was May 27, 2021, so that date has already

passed." The Center also asked BLM to "advise as to a current timeline." To date, the BLM has not responded or provided the Center with a new date of determination.

31. On June 22, 2021, the Center electronically sent a Notice of Deadline Violation, Request for Estimated Date of Completion, and Offer to Assist letter to the BLM. The letter stated, that since the request was submitted, "77 workdays have passed with no determination or correspondence from the BLM."

32. As of the date of this filing, which is 75 working days after a 60-working day determination deadline of May 27, 2021, the Center has not received a determination; nor has the Center received any responsive records from the BLM.

33. Upon information and belief, the BLM has failed to conduct a lawful search for records responsive to the Center's March 3, 2021, FOIA request.

34. None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records responsive to the Center's FOIA request. *Id.* § 552(b).

35. The Center has been required to expend resources to prosecute this action, diverting from the conservation, education, and scientific work that the Center normally performs on behalf and for the benefit of its members.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
(Failure to render a timely and adequate determination)

**COUNT ONE: BLM Failed to Provide a Timely or Adequate Determination Regarding the Center's FOIA Request DOI-BLM-2021-002788.**

36. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

37. The Center has a statutory right to have BLM process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

38. The Center's rights in this regard were violated when BLM unlawfully delayed the response to the request beyond the determination deadlines imposed by FOIA. 5 U.S.C. § 552(a)(6)(A)(i), (ii).

39. BLM has failed to make an adequate and timely determination because the statutory deadline of 20 days has passed and BLM has failed to inform the Center whether it plans to comply with the request; when the Center may anticipate to receive a full response (an estimated completion date) and if not, the reasons for which it is denying the request; the volume of records denied; and how the Center may appeal. 5 U.S.C. § 552(a)(6)(A)(i).

40. BLM has failed to notify the Center of any "unusual circumstances" in a notice that also set forth a date on which the determination was expected to be dispatched within ten working days of the statutory 20-day deadline, as required by FOIA. 5 U.S.C. § 552(a)(6)(B)(i).

41. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to BLM in the foreseeable future.

42. The Center's organizational activities will be adversely affected if BLM continues to violate FOIA's disclosure provisions.

43. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, BLM will continue to violate the Center's right to a timely determination under FOIA.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**(Failure to conduct an adequate search for responsive records)**

**COUNT ONE: BLM Failed to Conduct a Lawful Search for Records Responsive to the Center's FOIA Request DOI-BLM-2021-002788.**

44. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

45. The Center has a statutory right to have BLM process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

46. BLM is violating the Center's rights in this regard by unlawfully failing to undertake a search reasonably calculated to locate all records that are responsive to the Center's FOIA request.

47. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to BLM in the foreseeable future.

48. The Center's organizational activities will be adversely affected if BLM continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

49. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, BLM will continue to violate the Center's right to receive public records under FOIA.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**(Failure to promptly disclose records responsive to the Center's FOIA request)**

**COUNT ONE: BLM Failed to Promptly Disclose Records Responsive to the Center's FOIA Request DOI-BLM-2021-002788.**

50. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

51. BLM is violating FOIA and implementing regulations by refusing to promptly disclose records responsive to the Center's FOIA request.

52. The Center has a statutory right to the records it seeks.

53. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to BLM in the foreseeable future.

54. The Center's organizational activities will be adversely affected if BLM continues to violate FOIA's disclosure provisions as it has in this case.

55. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, BLM will continue to violate the Center's right to receive public records under FOIA.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**(Failure to disclose all non-exempt records responsive to the Center's FOIA request)**

**COUNT ONE: BLM Failed to Disclose Records Responsive to the Center's FOIA Request DOI-BLM-2021-002788.**

56. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

57. The Center has a statutory right to the records it seeks and there is no legal basis for BLM to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center. *See* 5 U.S.C. § 552(b)(1)-(9).

58. To the extent BLM is claiming any of these exemptions, BLM is unlawfully withholding from disclosure records that are responsive to the Center's FOIA request.

59. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to BLM in the foreseeable future.

60. The Center's organizational activities will be adversely affected if BLM continues to violate FOIA's disclosure provisions.

61. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, BLM will continue to violate the Center's right to receive public records under FOIA.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**(Failure to provide reasonably segregable portions of any lawfully exempt records)**

**COUNT ONE: BLM Failed to Provide all Reasonably Segregable Portions of Any Lawfully Exempt Records Responsive to the Center's FOIA Request DOI-BLM-2021-002788.**

62. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

63. The Center has a statutory right to any reasonably segregable portion of a record that may contain information lawfully subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

64. BLM is violating the Center's rights in this regard to the extent it is unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA request.

65. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests BLM in the foreseeable future.

66. The Center's organizational activities will be adversely affected if BLM can continue violating FOIA's disclosure provisions as it has in this case.

67. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, BLM will continue to violate the Center's right to receive public records under FOIA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1. Declare that Defendant's failure to provide Plaintiff with timely and full responses to Plaintiff's FOIA request, including its failure to make timely determinations and produce all records requested, is in violation of FOIA, 5 U.S.C. § 552(a)(6).

2. Declare that Defendant's failures to timely undertake a search for and disclose to Plaintiff all records responsive to Plaintiff's FOIA request, as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i).

3. Order Defendant to conduct searches reasonably calculated to locate all records responsive to Plaintiff's FOIA requests, utilizing a cut-off date for such searches that is the date the searches are conducted.

4. Order Defendant to provide Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

5. Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

6. Grant such other and further relief as the Court may deem just and proper.

Dated this 9th day of August, 2021.                    Respectfully submitted,

/s/ Scott Lake
Scott Lake (SBN 15765)
Center For Biological Diversity
P.O. Box 6205
Reno, NV 89513
Phone: (802) 299-7495
slake@biologicaldiversity.org

*Attorney for Plaintiff*